UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, Beales and Senior Judge Clements


FLUOR DANIEL SERVICES CORPORATION
 AND AMERICAN CASUALTY COMPANY OF
 READING, PENNSYLVANIA
                                                    MEMORANDUM OPINION[*]
v.      Record No. 1975-13-3                            PER CURIAM
                                                    FEBRUARY 18, 2014
ARCHIE SHORT


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        (Mark A. Stallings, on brief), for appellants.

        (Amber H. Russo; HammondTownsend, PLC, on brief), for
        appellee.


        Fluor Daniel Services Corporation and American Casualty Company of Reading,

Pennsylvania (hereinafter "employer") appeal a decision of the Workers' Compensation

Commission (hereinafter "commission") finding that Archie Short (hereinafter "claimant")

suffered compensable injuries to his low back and bilateral hips by aggravating his pre-existing

avascular necrosis, thereby entitling him to temporary total disability benefits from August 10,

2011 through November 28, 2011.

        Employer argues the evidence was insufficient to prove a causal connection between the

April 5, 2010 accident and claimant's avascular necrosis or to prove the medical treatment for his

hips was related to the April 5, 2010 accident.  It also contends the commission applied the

wrong legal standard in determining whether there was a causal connection between the April 5,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

2010 accident and the pre-existing condition.[1]  We have reviewed the record and the commission's opinion and find that this appeal is without merit.  Accordingly, we affirm for the reasons stated by the commission in its final opinion.  See Short v. Fluor Daniel Servs. Corp., JCN VA02000003943 (Sept. 13, 2013).  We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.  See Code § 17.1-403; Rule 5A:27.

Affirmed.

---

[1] Because employer did not object to the legal standard applied by the commission, it has waived this argument on appeal.  See Rule 5A:18.